UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BYRON ANDREWS,

                    Plaintiff,

v.

                                        Case No. 3:22-cv-1079-HES-PDB

SGT. J.L. TUCKER, et al.,

                    Defendants.

_____

## **ORDER**

Plaintiff Byron Andrews, an inmate of the Florida penal system, initiated this action on October 5, 2022, by filing a pro se Civil Rights Complaint (Doc. 1; Complaint). He also filed a request to proceed as a pauper (Doc. 2).

In the Complaint, Plaintiff names as Defendants the following individuals in their individual and official capacities: Sgt. J.L. Tucker, Officer Albertson, Officer McKennzey, Sgt. Cicarrno, Assistant Warden M. Herring, Former Secretary of the Florida Department of Corrections (FDOC) Mark Inch, and FDOC Secretary Ricky Dixon.[1] He lists eight claims: (1) denial of the

_____

[1] Plaintiff lists "Ricy Dickson" as the FDOC Secretary. However, the proper spelling of this Defendant's name is Ricky Dixon. See Florida Department of Corrections,

opportunity to eat dinner on May 16, 2021; (2) denial of access to medical care after declaring a medical emergency on May 16, 2021; (3) being housed in an unsafe environment with a hostile inmate who sexually assaulted Plaintiff on May 16, 2021; (4) covering up the sexual assault by failing to process Plaintiff's grievances regarding the incident; (5) failure to provide Plaintiff with access to the Prion Rape Elimination Act (PREA) tip line to report the sexual assault; (6) providing false statements against Plaintiff on July 8, 2021, following Plaintiff's grievance complaint; (7) retaliation after Plaintiff filed a grievance on March 18, 2021; and (8) failure to act after learning Plaintiff was sexually assaulted. As relief he requests the Court "secure all audio recording and video footage" relevant to his claims, along with compensatory and punitive damages.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). As to whether a complaint "fails to state a claim on which relief may be granted," the language of the Prison Litigation Reform Act mirrors the

---

Office of the Secretary, available at www.dc.state.fl.us/secretary.html. The **Clerk** shall update the docket accordingly.

language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997); <u>see also</u> <u>Alba v. Montford</u>, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law. <u>Salvato v. Miley</u>, 790 F.3d 1286, 1295 (11th Cir. 2015); <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); <u>Richardson v. Johnson</u>, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); <u>Porter v. White</u>, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions

masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[3] (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), <u>overruled in part on other grounds as recognized in</u> <u>Randall</u>, 610 F.3d at 709).

Plaintiff's Complaint is due to be dismissed pursuant to this Court's screening obligation. Initially, the Court notes that Plaintiff is attempting to raise several unrelated claims. For example, he complains about being precluded from attending dinner and being the victim of a sexual assault by another inmate. These claims are wholly unrelated as they do not arise from the same basic issue or incident. The Federal Rules of Civil Procedure allow plaintiffs to bring only related claims in one civil rights complaint. <u>See</u> Fed. R. Civ. P. 20(a). Thus, Plaintiff must raise unrelated claims in separate lawsuits.

Insofar as Plaintiff attempts to sue Defendants in their official capacities, "'[w]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent.'" <u>Martin v. Shelby Cnty. Bd. of Educ.</u>, 756 F. App'x 920, 925 (11th Cir. 2018) (quoting <u>Busby v. City of Orlando</u>, 931 F.2d 764, 776 (11th Cir. 1991)). Thus, Plaintiff's "official capacity claims" are construed to be against the FDOC. However, Plaintiff does not allege any custom, policy, or practice of the FDOC to hold Defendants liable in their official capacities. Indeed, he alleges personal actions taken by each Defendant. Additionally, the Eleventh Amendment bars Plaintiff's claims for monetary

6

damages against Defendants in their official capacities. See Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986) (per curiam). Upon review, the Court finds that all official capacity claims are due to be dismissed.

Additionally, several of Plaintiff's allegations, such as his contentions that he was retaliated against and officers made false reports against him, are conclusory. And he includes extraneous facts about individuals who are not named as Defendants or involved in any of his claims. The Court, however, has pieced together his allegations in an attempt to address each claim raised.

Plaintiff claims that Defendants Tucker, Albertson, and McKennzey violated his rights by not opening Plaintiff's cell door for five hours causing Plaintiff to miss his opportunity to eat dinner on May 16, 2021. This allegation is insufficient to state a claim. Indeed, Plaintiff fails to allege that he suffered physical harm from missing one meal, and his allegations wholly fail to suggest that such deprivation "posed an unreasonable risk of serious damage to his health." Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008). Thus, Plaintiff's claim against Defendants Tucker, Albertson, and McKennezey for missing one meal is due to be dismissed.

Plaintiff next argues that Defendant Tucker was deliberately indifferent "by failing to alert the medical department after [Plaintiff] had declare[d a] medical emergency." According to Plaintiff, he has "high blood pressure which

[he] take[s] medication for," and instead of being taken to medical, he was taken to confinement. These conclusory allegations are devoid of sufficient facts to state a deliberate indifference claim. "To set out a claim for deliberate indifference to medical need, [the plaintiff] must make three showings: (1) he had a serious medical need; (2) the [defendant] w[as] deliberately indifferent to that need; and (3) the [defendant's] deliberate indifference and [the plaintiff's] injury were causally related." Hinson v. Bias, 927 F.3d 1103, 1121 (11th Cir. 2019). Plaintiff's allegations fail to suggest that he had a serious medical need, that Tucker acted with deliberate indifference to that need, and that Tucker's actions caused Plaintiff injury. Thus, Plaintiff's deliberate indifference claim against Tucker is due to be dismissed.

Plaintiff also alleges that after filing a grievance about another inmate being beaten, Plaintiff received threats from multiple correctional officers, including Defendant Tucker. Plaintiff's allegation is conclusory and lacks sufficient factual detail to state a claim. Indeed, "verbal threats and harassment are generally not actionable under § 1983. A threat constitutes an actionable constitutional violation only when the threat is so brutal or cruel as to shock the conscience or if the threat exerts coercive pressure on the plaintiff and [he] suffers the deprivation of a constitutional right." Pete's Towing Co. v. City of Tampa, Fla., 648 F. Supp. 2d 1276, 1287 (M.D. Fla. 2009) (citation

omitted); see Hernandez, 281 F. App'x at 866 (finding the plaintiff's "allegations of verbal abuse and threats by the prison officers did not state a claim because the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim" (citation omitted)). Thus, Plaintiff's claim against Tucker for threatening him is due to be dismissed.

Plaintiff argues that Defendant Cicarrno violated his Eighth Amendment rights and prison policy by housing Plaintiff "with a hostile inmate who[se] status was (C.M.1 – close management level 1)." According to Plaintiff, while housed with this inmate, the inmate sexually assaulted Plaintiff. However, a violation of prison policy, alone, is insufficient to state a claim. See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (recognizing that prison regulations are "not designed to confer rights on inmates"). Additionally, Plaintiff fails to provide any factual allegations to show that Cicarrno knew that Plaintiff faced a substantial risk of serious harm or that Cicarrno acted with deliberate indifference. See Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (recognizing that to state a claim for failure to protect, a plaintiff "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." (quotations and citation omitted)); Carter v. Galloway, 352 F.3d

1346, 1349-50 (11th Cir. 2003). Thus, Plaintiff's claim against Cicarrno is due to be dismissed.

Insofar as Plaintiff claims that Defendant Herring violated his rights by failing to properly process his grievances, such allegation fails to state a claim because inmates have "no constitutionally protected liberty interest in access to the prison's grievance procedure." Moore v. McLaughlin, 569 F. App'x 656, 659 (11th Cir. 2014) (citing Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011); Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003)). Additionally, "filing a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." Jones v. Eckloff, No. 2:12-cv-375-FtM-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (collecting cases)). Finally, Plaintiff's assertion that Herring failed to properly process his grievances "in an attempt to cover-up the sexual assault" is conclusory. Even liberally construing Plaintiff's allegations, he fails to state a claim against Herring.

As to Defendant Inch, Plaintiff alleges that Inch authorized the use of a phone system for inmates that precluded Plaintiff from calling the PREA tip hotline to report his sexual assault. While prisoners retain certain First Amendment rights, prisoners do not have a constitutional right to a particular

form of communication. See Vass v. Whittingham, No. 522CV00243MTTCHW, 2022 WL 12435078, at *6 (M.D. Ga. Oct. 21, 2022) (collecting cases). Thus, that Plaintiff could not call the PREA tip hotline does not amount to a constitutional violation, and this claim against Inch is due to be dismissed.[4]

Additionally, Plaintiff alleges that he reported the sexual assault to Defendant Inch, but Inch took no action to investigate his claims. Likewise, he claims that Defendant Dixon failed to take any corrective action after learning of the sexual assault against Plaintiff. If Plaintiff is attempting to hold these supervisory defendants liable for the actions of their subordinates, he cannot do so. That is so because "[s]upervisory officials are not vicariously liable under section 1983 for the unconstitutional acts of their subordinates." Ingram v. Kubik, 30 F.4th 1241, 1254 (11th Cir. 2022); see Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). And, simply denying a grievance, without more, does not render one liable for the underlying constitutional violation. See Jones v. Eckloff, No. 2:12-cv-375-FtM-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (unpublished) ("[F]iling a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly

---

[4] To the extent Plaintiff attempts to bring a claim under the PREA, he cannot do so because "the PREA does not create a private right of action for civil damages." Burns v. Fugate, No. 3:20-CV-419-J-39MCR, 2020 WL 2198198, at *1 (M.D. Fla. May 6, 2020).

11

unconstitutional conduct brought to light by the grievance, even when the grievance is denied." (collecting cases)). Plaintiff's allegations against Inch and Dixon are devoid of facts showing the actions or inactions of these Defendants that allegedly violated Plaintiff's rights. Thus, Plaintiff has failed to state a claim against them.

In light of the foregoing, this case will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), without prejudice to Plaintiff's right to refile his claims under 42 U.S.C. § 1983 with factual allegations sufficient to support a claim for relief if he elects to do so. Accordingly, it is

**ORDERED**:

1.      This case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.      The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 28 day of November, 2022.

HARVEY E. SCHLESINGER
United States District Judge

12

JAX-3 11/18
c:
Byron Andrews, #B06604